FILED
2014 Jul-10 PM 04:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **HAROLD LOCKHART, et al.,** | ) | |
| **Plaintiff;** | ) | |
| vs. | ) | 5:12-cv-01023-LSC |
| **TONY VEST, et al.,** | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OF OPINION

I.  Introduction

Before the Court are certain motions for summary judgment filed by the defendants seeking either partial[1] or full summary judgment (docs. 48, 50, 52 and 54) along with the responses thereto. The Magistrate Judge filed a report and recommendation on May 14, 2014, recommending that this Court grant all but one of the aspects of the pending motions for summary judgment. (Doc. 81.) The defendants objected to the recommendation that this Court deny summary judgment on the plaintiffs' claim that the defendants conducted an unlawful investigative search of the plaintiffs' residence that exceeded any authorized protective sweep. (Doc. 82.) The

---

[1] Defendant, Tony Vest, did not move for summary judgment on plaintiff, Glenda Lockhart's, claims against him for false arrest and false imprisonment, stating that disputes of material facts exist with regard to those claims.

plaintiffs, on the other hand, proffered no objection to the Magistrate Judge's report and recommendation.

This case was then randomly reassigned to the undersigned judge. Having reviewed the matter, and having the benefit of the defendants' objections, which the Magistrate Judge did not have, this Court finds that the Magistrate Judge's report and recommendation is due to be adopted insofar as it grants the pending motions, but it is not due to be adopted with respect to the portion that is the subject of the defendants' objections.

II.   The Defendants' Objections

    A.   Standard of Review

When objections are filed to a Magistrate Judge's proposed findings of fact and recommendation, the district court is to "make a de novo determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

    B.   The Magistrate Judge's Conclusion that there is a Genuine Dispute of Material Fact as to the Plaintiffs' Claim of an Unlawful Warrantless Investigative Search

The defendants object to the Magistrate Judge's conclusion that there is sufficient evidence for the plaintiffs to present to a jury their claim that the defendants

conducted an illegal investigative search of their residence without a warrant. This Court agrees with the defendants' objection.

As an initial matter, the Court largely agrees with and adopts the Magistrate Judge's statement of facts and conclusions of law and will not restate them here except when they are rejected or when repeating them will facilitate a better understanding of the Court's analysis. The only point where this Court disagrees with the Magistrate Judge is found in the Report and Recommendation's conclusion that, "The circumstantial evidence of the presence of the four defendants, the movement seen inside the plaintiff's house, the sounds of searching heard by the plaintiff's grandchildren, and signs of a search discovered when the plaintiffs returned home is enough to allow a jury to determine the truth about the defendants' involvement." ( Doc. 81 at 45.)

There were, according to the plaintiffs' own testimony, between six and ten deputies at their residence that night.[2] This Court "accept[s] the nonmovant's

---

[2] As the Magistrate Judge correctly concluded:

> The plaintiffs may not testify to one version of the facts, but rely on another for the purposes of creating a dispute of fact. The court must take the non-moving plaintiffs' version of the facts. Accordingly, despite what the plaintiffs contend in their brief, this court must operate on the testimony that there were anywhere from 6 to 10 deputies at the Lockhart residence on the night in question.

(Doc. 81 at 40.)

version of the events when reviewing a decision on summary judgment. When the nonmovant has testified to events, we do not . . . pick and choose bits from other witnesses' essentially incompatible accounts (in effect, declining to credit some of the nonmovant's own testimony) and then string together those portions of the record to form the story that we deem most helpful to the nonmovant." *Evans v. Stephens,* 407 F.3d 1272, 1278 (11th Cir. 2005). In addition, the evidence unquestionably supports the conclusion that a search that exceeded the authority of the law enforcement officials at the scene was actually conducted by someone that night.

The problem for the plaintiffs, however, is that there is a complete absence of evidence pointing to any particular officer as being the one or ones who conducted the allegedly illegal search. To the contrary, the only evidence offered concerning the actual identity of any officer searching the residence was from Glenda Lockhart herself who stated that the deputy she saw looking behind books and opening the cabinet doors was **not** one of the defendants. "[T]o prevail against [the deputies] in their individual capacities, [plaintiffs were] required to show that they were personally involved in acts or omissions that resulted in the constitutional deprivation." *Hale v. Tallapoosa County,* 50 F.3d 1579, 1582 (11th Cir. 1995). This, the plaintiffs failed to do.

Neither this Court nor the jury is free to guess at the identity of the alleged wrongdoer or doers.  When the evidence points just as clearly to one as the other, it fails to support an indictment of either. It can not be said, in this case, that the evidence supports a reasonable inference that the defendants, as opposed to the other deputies who were present, conducted the warrantless search of the plaintiffs' residence. After all, "an inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982).  In other words, there is no issue of disputed fact and no reasonable jury could differ on the conclusion that the plaintiffs did not meet their burden of proof.

III.    Conclusion

The Magistrate Judge entered a well-reasoned and thorough report and recommendation, but having carefully reviewed and considered *de novo* all the materials in the court file, including the objections to the report and recommendation which the Magistrate Judge did not have, this Court cannot agree that there is a triable issue of fact on the plaintiffs' claim that the defendants conducted an unlawful warrantless investigative search of their residence on the night in question. Accordingly, the Magistrate Judge's report is not due to be adopted and accepted on

that issue. In all other respects, the Magistrate Judge's report and recommendation is due to be adopted and accepted.

For the reasons stated herein, there being no genuine issue of material fact, the defendants' motions for full and partial summary judgment (docs. 48, 50, 52 and 54) are due to be granted. A separate order will be entered.

Done this <u>10th</u> day of <u>July 2014</u>.

L. Scott Coogler
United States District Judge
[160704]